UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD STRACK,

        Plaintiff,

   v.                                     CAUSE NO. 3:20-cv-391 DRL-MGG

ERIC HOLCOMB *et al.*,

        Defendants.

## OPINION & ORDER

On May 15, 2020, Edward Strack filed a *pro se* complaint alleging defamation, attempted extortion, fraud, and conspiracy against Eric Holcomb, the Governor of Indiana, among other employees of the State of Indiana. Mr. Strack filed an "Affidavit of Indigencey [sic]" with his complaint. This court construes Mr. Strack's submission as a motion to proceed *in forma pauperis*.

Mr. Strack's complaint lists twenty-two defendants: Governor Eric Holcomb and his spouse; Commissioner of the Indiana Department of Revenue (DOR) Bob Grennes and his spouse; former Commissioner of the DOR Adam Krupp and his spouse; former Deputy Commissioner of Enforcement for the DOR Ron Boughton (deceased) and his spouse; six other employees of the DOR and their spouses; and "Other Wrongdoers." ECF 1-2.

Before considering the financial request made by Mr. Strack in his motion to proceed *in forma pauperis*, the court must determine whether Mr. Strack's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Although the court must construe a complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). If the amended complaint is deficient, the court must dismiss it. 28 U.S.C. § 1915(e)(2)(B).

Even construing the complaint liberally, the court concludes that dismissal is required because Mr. Strack's complaint presents frivolous claims, fails to plead facts to state a plausible claim, and names defendants who are immune from liability.

A complaint is frivolous "if it is apparent from a reading of [it] . . . that the case is going nowhere." *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). A complaint is legally frivolous if it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Mr. Strack's complaint is legally frivolous.

Mr. Strack says the defendants committed defamation, attempted extortion, "Fraud through a forged instrument," conspiracy to commit defamation, conspiracy to commit extortion, conspiracy to commit fraud, and failed to protect "a Man" from the above claims. Mr. Strack's complaint appears to stem from his contention that he is not an Indiana "taxpayer," despite being domiciled in the State of Indiana. Additionally, Mr. Strack claims that the DOR's failure to use a "wet ink signature" in its correspondence with him constitutes "Anonymous Fraud committed in the name of the State of Indiana." ECF 1-3.

State law requires "every resident person" to be subject to an annual tax on his or her adjusted gross income. Ind. Code § 6-3-2-1(a). A "resident" is explicitly defined as "[a]ny individual who was domiciled in Indiana during the taxable year." Ind. Code § 6-3-1-12(a). Further, a "taxpayer" is defined as "any person . . . subject to taxation under this article." Ind. Code § 6-3-1-15. Liberally construing Mr. Strack's complaint, he says he isn't a taxpayer and thus isn't required to pay state income tax. The consequence of this argument is that any effort by the DOR to recover taxes constitutes a violation of his constitutional rights. However, by his own admission, Mr. Strack is an Indiana citizen, having been domiciled here for ten years. He is subject to Indiana tax. The various defendants didn't violate his rights to due process by taking steps, which he only vaguely shares, to recover from Mr. Strack. Furthermore, no provision of the Indiana Code requires correspondence to be signed using "wet ink."

As Mr. Strack's claims are "based on an indisputably meritless" legal theories, *Neitzke*, 490 U.S. at 327-28, the complaint is deficient under 28 U.S.C. § 1915(e)(2)(B), and the court must dismiss it.

Furthermore, Mr. Strack's complaint does not plead facts that would present plausible claims for defamation, attempted extortion, fraud, conspiracy to commit defamation, conspiracy to commit extortion, conspiracy to commit fraud, or failure to "Protect a Man" from conspiracy to commit defamation, conspiracy to commit extortion, and conspiracy to commit fraud. He offers no false statements compensable under the law. He has not pleaded any claims of fraud with the particularity required by law. Mr. Strack fails to plead any facts connecting his correspondence with the DOR to any fraud, any extortion, or any defamatory statements. He also fails to plead any facts connecting his correspondence with the DOR to any conspiracy or civil RICO claim, to any conspiracy to deprive Mr. Strack of his constitutional rights, or to any trespass on Mr. Strack's property. His claims must b dismissed accordingly.

In addition to the legally frivolous nature of his claims, and the absence of sufficient facts to state a claim, Mr. Strack alleges no personal responsibility for Governor Eric Holcomb and his spouse; Commissioner of the DOR Bob Grennes and his spouse; former Commissioner of the DOR Adam Krupp and his spouse; former Deputy Commissioner of Enforcement of the DOR Ron Boughton, who is deceased, and his spouse; or for the six other employees of the DOR and their spouses. Mr. Strack does not plead any facts to constitute a claim against these public officials, much less their spouses who haven't acted under color of state law. A § 1983 claim requires personal involvement on the part of the defendant; there is no *respondeat superior* liability for these claims. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Mr. Strack's allegations of wrongdoing do not personally implicate the public official defendants.

Furthermore, qualified immunity protects these individuals from suit unless "(1) the plaintiffs adequately alleged facts that, if true, would constitute a violation of a statutory or constitutional right,

3

and (2) the right was 'clearly established' at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful." *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020). Mr. Strack alleges no facts that show any of his constitutional rights, clearly established at the time of the alleged violation, were violated by the defendants.

Although the court must construe a complaint liberally, *see Erickson*, 551 U.S. at 94, it must dismiss complaints that are "transparently defective" and thus deficient. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d at 763. Mr. Strack's complaint is legally frivolous, fails to plead facts to state a claim, and names immune public officials as defendants.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend when such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Without a shred of legitimacy to this complaint, an amendment here would be futile.

Accordingly, the court DISMISSES Mr. Strack's complaint with prejudice (ECF 1) and DENIES his motion to proceed *in forma pauperis* (ECF 2).

SO ORDERED.

September 18, 2020         *s/ Damon R. Leichty*
                            Judge, United States District Court